```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ELAINE L. CHAO, SECRETARY      :    CIVIL ACTION
OF LABOR, UNITED STATES        :
DEPARTMENT OF LABOR            :
                               :
          v.                   :
                               :
JOHN J. KORESKO, V, et al.     :    NO. 04-mc-74

_____


ELAINE L. CHAO, SECRETARY      :    CIVIL ACTION
OF LABOR, UNITED STATES        :
DEPARTMENT OF LABOR            :
                               :
          v.                   :
                               :
JOHN J. KORESKO, V, et al.     :    NO. 06-mc-192
```

MEMORANDUM

McLaughlin, J.                                      April 16, 2009

John Koresko, PennMont Benefit Services, Inc., Koresko Law Firm, P.C., Koresko and Associates, Regional Employers Assurance League, Delaware Valley League, and the named trusts (Koresko parties) seek a finding of contempt against the Secretary of Labor and counsel for the asserted violation of this Court's order of January 22, 2009. The January 22, 2009, order granted a stay of the Department of Labor's administrative subpoena enforcement proceedings during the consideration of the respondents' appeal of this Court's decision to enforce those subpoenas. The basis for the Koresko parties' motion for contempt is the Secretary's filing of a separate civil action before Judge C. Darnell Jones of the Eastern District of

Pennsylvania, Case No. 09-988.  The Court finds that the Secretary's actions have not violated the Court's stay of these enforcement proceedings and will deny the respondent's motion.

The two present matters are two related subpoena enforcement proceedings.  The Department of Labor initiated these cases in April of 2004 by filing its first petition to enforce an administrative subpoena served on the respondents.  A second subpoena was served on the respondents in 2006, and the petitioners sued to enforce that subpoena in October of that year.  The subpoenas seek the production of documents relating to certain death benefit accounts and employer insurance plans.  The respondents have challenged the petitioner's jurisdiction over such accounts and plans, and have persistently refused to provide certain documents requested by the petitioner.  The respondents claim that the petitioner has no authority to conduct an investigation relating to the benefit accounts and funds referred to in the documents referred to in the subpoenas.

On December 9, 2008, the Court issued an order granting in part and denying in part the petitioner's renewed motion to enforce the 2004 and 2006 subpoenas.  (Case No. 04-74, Docket No. 181; Case No. 06-192, Docket No. 39).  The respondents have filed an appeal of this order with the United States Court of Appeals for the Third Circuit.  (Case No. 04-74, Docket No. 190; Case No. 06-192, Docket No. 44).  The petitioner also filed

an amended motion to incarcerate respondent John J. Koresko, V, (Case No. 04-74, Docket No. 187), as well as a motion for the adjudication of civil contempt, (Case No. 06-192, Docket No. 43). Following the petitioners' motions to incarcerate and for the adjudication of civil contempt, the respondents filed a motion to stay all proceedings, which the Court granted in an order dated January 22, 2009.

On March 6, 2009, the Secretary filed a civil complaint in the Eastern District of Pennsylvania, Case No. 09-988, which is currently before Judge C. Darnell Jones. In response to this filing, the respondents filed their motion for contempt. The respondents claim that the DOL and its counsel are in contempt of the January 22, 2009, stay order as a result of the filing of their civil complaint and for sending correspondence to the Koresko parties seeking to compel a consent judgment.

The Court's order granting the respondents' motion for a stay of these proceedings did not preclude, or even discuss, the possibility of the Secretary filing a civil suit against the Koresko parties on the basis of information and documentation that the respondents or others had provided previously, nor did the order preclude or discuss the Secretary's attempt to obtain a consent judgment from the Koresko parties.

The majority of the respondents' briefs in support of the motion for contempt discuss the jurisdiction of the DOL over

the respondents' trusts and insurance plans. This is the issue currently on appeal and this Court will not consider the issue while the Court of Appeals' review is ongoing. The balance of the respondents' complaints relate to the propriety of the recently filed civil action. Such questions are properly referred to the Judge presiding over that matter. For these reasons, the Court will deny the respondents' motion for contempt.

The Court will also deny the respondents' request for discovery on the issue of contempt and subpoena abuse contained in their reply brief. Rep. at 13. The basis for the respondents' request relates to their arguments on the Secretary's bad faith in pursuing the enforcement of her administrative subpoenas. The respondents arguments pertain to the Secretary's jurisdiction to conduct her investigation, which is the issue currently on appeal. As stated above, this Court will not interfere with the consideration of that issue by the Court of Appeals.

Finally, the Court will not hold that the filing of the Secretary's civil action has rendered these subpoena enforcement proceedings moot. "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of

the case involved in the appeal." <u>Venez. v. Sweet</u>, 758 F.2d 117, 120 (3d Cir. 1985).  This Court will not declare these actions moot during the Court of Appeals' consideration of the respondents' appeal.

An appropriate order will be filed separately.